UNITED STEELWORKERS OF
AMERICA, AFL–CIO–CLC,
Petitioner,

v.

John A. PENDERGRASS, Assistant Secretary of Labor, Occupational Safety and Health Administration, United States Department of Labor Respondent,

and

The State of New York, the State of New Jersey, the State of Connecticut and National Paint & Coatings Association, Intervenors.

UNITED STEELWORKERS OF
AMERICA, AFL–CIO–CLC,
Petitioner,

v.

John A. PENDERGRASS, Assistant Secretary of Labor, Occupational Safety and Health Administration, United States Department of Labor, Respondent,

and

The State of New Jersey, Chemical Manufacturers Association, American Petroleum Institute & Atlantic Richfield Company, and National Paint & Coatings Association, Intervenors.

PUBLIC CITIZEN, INC., et
al., Petitioners,

v.

John A. PENDERGRASS, Assistant Secretary of Labor, Occupational Safety and Health Administration, United States Department of Labor, Respondent,

and

The State of New Jersey, Chemical Manufacturers Association, National Paint & Coatings Association, American Petroleum Institute & Atlantic Richfield Company, Intervenors.

COMMONWEALTH OF
MASSACHUSETTS,
Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION, Secretary of Labor, United States Department of Labor, Respondent.

PEOPLE OF the STATE OF
ILLINOIS, Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR, and Raymond Donovan, Secretary of United States Department of Labor, Respondents.

THE STATE OF NEW YORK,
Petitioner,

v.

John A. PENDERGRASS, Assistant Secretary of Labor, Occupational Safety and Health Administration, United States Department of Labor, Respondent.

Nos. 83–3554, 83–3561, 83–3565, 84–3066,
84–3093 and 84–3128.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Aug. 5, 1988.

Decided Aug. 19, 1988.

David C. Vladeck, Public Citizen Litigation Group, Washington, D.C., for petitioner Public Citizen, Inc.

George H. Cohen, Michael H. Gottesman, John Rothchild, Bredhoff & Kaiser, Washington, D.C., Mary–Win O'Brien, United Steelworkers of America, Pittsburgh, Pa., Laurence Gold, Washington, D.C., for petitioner United Steelworkers of America, AFL–CIO–CLC.

John R. Bolton, Asst. Atty. Gen., George R. Salem, Sol. of Labor, Allen H. Feldman, Associate Sol. for Special Appellate and Supreme Court Litigation, Leonard Schaitman, Marleigh D. Dover, Attorneys, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., Steven J. Mandel, for Appellate Litigation. Nathaniel I. Spiller, U.S. Dept. of Labor, Washington, D.C., Robert G. Damus, Acting Gen. Counsel, Steven D. Aitken, Office of Management and Budget, Washington, D.C., for respondent.

W. Scott Railton, Washington, D.C., for intervenor United Technologies Corp.

Stephen C. Yohay, Ann Elizabeth Reesman, McGuiness & Williams, Washington, D.C., for intervenor Associated General Contractors of America.

Before GIBBONS, Chief Judge, and FISHER,* and KELLY,** District Judges.

OPINION OF THE COURT

GIBBONS, Chief Judge.

I

Once again United Steelworkers of America and Public Citizen, Inc. *et al.,* (pe-

* Hon. Clarkson S. Fisher, United States District Court Judge for the District of New Jersey, sitting by designation.

** Hon. James M. Kelly, United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

titioners) come before this court on a motion seeking further relief in the enforcement of our judgment in *United Steelworkers of America v. Auchter*, 763 F.2d 728 (3d Cir.1985) (USWA I), issued on July 8, 1985. In USWA I we directed the Secretary of Labor to reconsider the application of the hazard communication standard promulgated pursuant to section 6 of the Occupational Safety and Health Act of 1970 (OSH Act), Pub.L. No. 91–596, 84 Stat. 1590 (codified as amended at 29 U.S. C. §§ 651–678 (1982), to employees in sectors of the economy other than manufacturing. 763 F.2d at 743. The Secretary took the position that this judgment permitted the commencement of an entirely new rulemaking proceeding. The petitioners, contending that the Secretary was not in good faith complying with our judgment, moved for further relief. In *United Steelworkers of America v. Pendergrass*, 819 F.2d 1263 (3d Cir.1987) (USWA II) we held that by commencing a new rulemaking proceeding the Secretary was not complying with our previous judgment. We directed that the Secretary should,

> within sixty days of the date of our order, publish in the Federal Register a hazard communication standard applicable to all workers covered by the OSH Act, including those which have not been covered by the hazard communication standard as presently written, or a statement of reasons why, on the basis of the present administrative record, a hazard communication standard is not feasible. Such statement of reasons will be supplied separately as to each category of excluded workers.

819 F.2d at 1270. (Footnote omitted). On August 7, 1987 this court denied the Secretary's petition for rehearing and motion for a stay.

On August 24, 1987 the Occupational Safety and Health Administration (OSHA or the Secretary) published an expanded hazard communication standard applicable to all industries. 52 Fed.Reg. 31852, *et seq.* (codified at 29 C.F.R. § 1910.1200). This August 24, 1987 promulgation includes an OSHA finding that the rulemaking record on the whole supported a determination that the hazard communication standard is feasible in all industries. 52 Fed.Reg. at 31857. It applies the hazard communication standard to employers in all economic sectors, including the labeling requirements, as well as the requirement that covered employers make available for employee inspection Material Safety Data Sheets (MSDS) furnished by the manufacturers of hazardous chemicals used in the workplace, and the requirement that employees be provided with information and training on hazardous chemicals used in their work area. The August 24, 1987 promulgation also includes three provisions not contained in the original hazard communication standard applicable in the manufacturing sector alone. These are: (1) a requirement that at multi-employer worksites employers exchange their MSDSs, either individually or through a central location, 29 C.F.R. § 1910.1200(e)(2); (2) an exemption from the labeling requirement for consumer products used in the same manner and quantities as intended for consumer use, 29 C.F.R. § 1910.1200(b)(6)(vii); and (3) an exemption from labeling of drugs in tablet or pill form regulated by the Federal Drug Administration. 29 C.F.R. § 1910.1200(b)(6)(viii). OSHA explained that these modifications were made "to ensure that [the] provisions [of the standard] are practical and effective in communicating hazards to all workers" and in recognition of "the unique characteristics of some businesses [that] render certain provisions of the [previous] standard unnecessary or ineffective in communicating the hazards of chemicals to workers." 52 Fed.Reg. at 31858.

This revised hazard communication standard was to go into effect on May 23, 1988. 29 C.F.R. § 1910.1200(j). On September 10, 1987, however, OSHA submitted it to the Office of Information and Regulatory Affairs in the Office of Management and Budget (OMB), ostensibly in compliance with the Paperwork Reduction Act of 1980, Pub.L. 96–511, 94 Stat. 2812, 44 U.S.C. § 3501 *et seq.* (Supp.1988). On September 30, 1987 OMB undertook public notice and comment "on the recordkeeping, notifica-

tion and other paperwork requirements" of the revised standard. 52 Fed.Reg. 36652. Following a public hearing, OMB purported to disapprove the three new provisions referred to in the preceding paragraph. OMB also conditioned its approval of the entire standard on the undertaking by OSHA of further rulemaking to consider OMB's objections. OMB letter of October 23, 1987. Further negotiations between OSHA and OMB followed, and on April 13, 1988 OMB announced that it would permit the revised standard, but without the "disapproved" portions, to go into effect on May 23, 1988 as scheduled.

Meanwhile, two court proceedings regarding the revised standard were initiated. First, Associated Builders & Contractors, Inc. petitioned to review the revised hazard communication standard in the United States Court of Appeals for the District of Columbia, and moved for a stay of its enforcement in the construction industry. *Associated Builders & Contractors, Inc. v. McLaughlin*, (D.C.Cir. No. 87–1582). That court, on motion of the petitioners, transferred the Associated Builders & Contractors, Inc. petition to this court, but granted an administrative stay "until such time as the third circuit rules on the emergency motion for stay." Order of May 20, 1988. This panel has by a separate order denied that emergency motion.

Second, on April 6, 1988 the petitioners moved in this court for further relief. The effect of the April 13 OMB change of position, allowing the bulk of the hazard communication standard to go into effect, is that the petitioners' charge of non-compliance is now narrowed to the three provisions which OSHA has in effect withdrawn, in compliance with the OMB disapproval.

Both Associated General Contractors of America, and United Technologies Corporation moved in this court to intervene for the purpose of opposing the petitioners' motion for further relief.

## II

In this matter of first impression we are called upon to consider the extent to which the Paperwork Reduction Act of 1980 authorizes the OMB to substitute its judgment for that of OSHA with respect to the appropriate communication of hazards in the workplace necessary for compliance with section 6 of the OSH Act. Housed in Chapter 35 of Title 44 of the United States Code, which deals generally with "Public Printing and Documents," the Paperwork Reduction Act is the successor to the Federal Reports Act of 1942, previously codified in that Chapter. To generalize, the purpose of the Federal Reports Act was to coordinate the information collection activities of federal agencies, thereby reducing the cost of those activities to the government and to businesses and individuals required to file reports. The Paperwork Reduction Act of 1980 moved that function from the Director of the Bureau of the Budget to a new Office of Information and Regulatory Affairs in the Office of Management and Budget.

■ The Paperwork Reduction Act authorizes OMB to:

(1) review[ ] and approv[e] information collection requests proposed by agencies;

(2) determin[e] whether the collection of information by an agency is necessary for the proper performance of the functions of the agency, including whether the information will have practical utility for the agency; ....

44 U.S.C. § 3504(c)(1) and (2). The "information collection requests" referred to in section 3504(c)(1) are defined in section 3502(11) as "written report form[s], application form[s], schedule[s], questionnaire[s], reporting or recordkeeping requirement[s], collection of information requirement[s], or similar method[s] calling for the collection of information." The "collection of information" referred to in section 3504(c)(2) is defined in section 3502(4) as:

the obtaining or soliciting of facts or opinions by an agency through the use of written report forms, application forms, schedules, questionnaires, reporting or recordkeeping requirements, or other similar methods calling for either—

(A) answers to identical questions posed to, or identical reporting or record-keeping requirements imposed on, ten or more persons, other than agencies, instrumentalities, or employees of the United States; or

(B) answers to questions posed to agencies, instrumentalities, or employees of the United States which are to be used for general statistical purposes; ....

44 U.S.C. § 3502(4)(A) and (B). Assuming that the information in issue falls within the Paperwork Reduction Act of 1980, OMB's regulatory authority over it is specifically limited by two provisions of that Act. First, OMB's authority "shall be exercised consistent with applicable law." 44 U.S.C. § 3504(a). Second, the Act provides:

Nothing in this chapter shall be interpreted as increasing or decreasing the authority of the President, the Office of Management and Budget or the Director thereof, under the laws of the United States, with respect to the substantive policies and programs of departments, agencies and offices, including the substantive authority of any federal agency to enforce the civil rights laws.

44 U.S.C. § 3518(e). Thus any rulemaking activity by any other federal agency falls outside the authority of OMB under the Paperwork Reduction Act of 1980 if it either, (1) does not require the "collection of information," or (2) embodies substantive policy decision making entrusted to the other agency. We hold that the three provisions in the hazard communication standard which OMB disapproved are insulated from OMB authority on both grounds.

■ As we noted above, OMB disapproved of three provisions of the revised hazard communication standard, each of which was a departure from the standard which OSHA first imposed on employers in the manufacturing sector. Two of those departures are *exemptions* from the labeling requirements of the hazard communications standard. Thus, the revised standard exempts from its coverage (1) consumer products subject to labeling requirements under the Consumer Product Safety Act, 15 U.S.C. § 2051 *et seq.*, and the Federal

Hazardous Substances Act, 15 U.S.C. § 1261 *et seq.*, and (2) drugs subject to the labeling requirements of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, 29 C.F.R. § 1910.1200(b)(6)(vii) and (viii).

Whatever else the terms "collection of information" or "information collection requests" may refer to, they cannot possibly refer to these exemptions from labeling requirements which would otherwise have been duplicative of the labeling requirements imposed in the interest of health and safety by other federal regulatory agencies. What is left for consideration is the requirement that employers on multi-employer worksites exchange MSDSs, imposed for the first time in the August 24, 1987 promulgation. 29 C.F.R. § 1910.1200(e)(2). We note initially that we are not presented with the question whether the Paperwork Reduction Act of 1980 applies when the federal government requires from non-governmental parties, for its own purposes, compilation but not transmission of information. See *Action Alliance of Senior Citizens of Greater Philadelphia v. Bowen,* 846 F.2d 1449 (D.C.Cir.1988). The multi-employer MSDS exchange provision requires employers, not to compile, but simply to transmit information to covered employees. The sole question it presents is whether that requirement can be said to involve either the "collection of information" or an "information collection request" within the meaning of the Paperwork Reduction Act.

In USWA I we discussed in detail the development by OSHA of the hazard communication standard. We noted that it imposed on chemical manufacturers the obligation to label containers and to furnish to downstream users MSDSs containing chemical common names of each hazardous ingredient, and information necessary for safe use of the product. 763 F.2d at 732. Although the issue was not raised in USWA I, implicit in OSHA's standard, and in this court's approval of it, is the holding that imposing this obligation on chemical manufacturers is an appropriate safeguard for workers in the workplace, as required

by section 6 of the OSH Act. The same must be said for the obligation imposed on downstream employers to make MSDSs available to their employees. *Id.* at 733. In one sense the standard requires chemical manufacturers to collect and transmit information, and employers to collect and maintain information. It would be a far-fetched interpretation of the Paperwork Reduction Act of 1980, however, to hold that these activities fell within its coverage. The Act, historically, is a successor to the Federal Reports Act, and like the latter, it is aimed at reducing the burden of paperwork required by the federal government for its own regulatory or statistical purposes. The preparation and preservation of MSDSs in the workplace have entirely different purposes. The object of these information disclosure requirements, in accordance with the OSH Act, is to increase workplace awareness of hazards, thereby enabling workers to avoid injury, illness or death. Nothing in the Paperwork Reduction Act suggests a congressional intention to allow OMB, in the guise of regulating collection of information, the authority to second guess other federal agencies with respect to the kinds of disclosure needed to accomplish substantive policies entrusted to such agencies.

OMB did not go so far as to disapprove the requirement that chemical manufacturers prepare and transmit MSDSs or the requirement that employers who purchase the chemicals make them available to their employees. It merely disapproved the requirement that on multi-employer worksites the employers exchange the MSDSs. In USWA I we questioned the basis of the Secretary's failure to include the construction industry in the hazard communication standard. 763 F.2d at 738. That industry is now included, and the problem of multi-employer worksites is endemic to it. OSHA reasonably concluded that the protection of one trade from hazardous substances used by another on the same job-site required the exchange of the hazard information. The exchange requirement no more constitutes the collection of information within the meaning of the Paperwork Reduction Act of 1980 than do the requirements for preparation of MSDSs by chemical manufacturers or the requirement of preservation of MSDSs by single employers.

Our conclusion that the regulations disapproved by OMB do not involve the collection of information is reinforced by the statutory language which in two places disaffirms the intention to grant substantive lawmaking authority to OMB. 44 U.S.C. §§ 3504(a); 3518(e). Clearly, OMB cannot in the guise of reducing paperwork substitute its judgment for that of the agency having substantive rulemaking responsibility for such matters as drug or food labeling, drug package inserts, proxy statement disclosures, or the contents of registration statements. No substantive distinction between such disclosure requirements and the OSHA disclosure requirements disapproved by OMB in this instance is readily apparent.

### III

■ OSHA and United Technologies, as intervenor, contend that we should nevertheless deny the petitioners' motion for additional relief. They contend that the petition should be construed as a challenge to OMB agency action under the Paperwork Reduction Act of 1980, cognizable only in a suit in a federal district court pursuant to the Administrative Procedure Act. 5 U.S.C. § 703. Alternatively they contend that because the three provisions which OMB disapproved were added to the hazard communication standard they do not involve our prior mandate, and can only be reviewed in a new challenge to OSHA rulemaking. We reject both contentions.

In USWA I we directed OSHA to reconsider the application of the hazard communication standard to employees in sectors of the economy other than manufacturing unless the Secretary could state reasons why such application would not be feasible. 763 F.2d at 739 (citing 29 U.S.C. § 655(b)(5)). In USWA II we made it clear that our first judgment required that feasibility be determined for each category of worker on the basis of the administrative record already compiled. 819 F.2d at 1270.

Thus, our prior orders represent our considered view that OSHA must cease abdicating its responsibility with respect to employees outside the manufacturing sector, by deciding whether or not they should be covered on the basis of the record. The August 24, 1987 promulgation of a hazard communication standard applicable to all employees was a good faith compliance with those orders. The slight changes that were made in the standard were a logical outgrowth of the rulemaking record which we previously reviewed. *Cf. Action Alliance*, 846 F.2d at 1455 (new round of rulemaking not required for a revision that is the "logical outgrowth" of the rulemaking record). Withdrawal of the provisions disapproved by OMB was accordingly inconsistent with those orders. Relief by motion is appropriate. 28 U.S.C. § 1651(a) (1982); 5 U.S.C. § 706(1) (1982); *United States v. New York Telephone Co.*, 434 U.S. 159, 172, 98 S.Ct. 364, 372, 54 L.Ed.2d 376 (1977); *USWA II*, 819 F.2d at 1270.

### IV

This panel has denied the motion by Associated Builders & Contractors, Inc. for a stay of the hazard communication standard. That motion was made in connection with a petition for review filed in the Court of Appeals for the District of Columbia, and transferred here. This petition appears to be an attempt to relitigate issues settled in our decisions in *USWA I* and *USWA II*. Since, however, briefing on that petition has not been completed we will not rule finally on it at this time. The clerk will be directed to issue a briefing schedule, and, when briefing is complete, to assign the petition to a panel for disposition.

### V

The Secretary shall forthwith publish in the Federal Register a notice that those parts of the August 24, 1987 hazard communication standard which were disapproved by OMB are now effective. Because the instant dispute arose as the result of another federal agency's attempt to exceed its statutory authority, we will deny at this time the petitioners' motion to hold the respondent officials of the Department of Labor in contempt.